IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. AMEN

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

ROCK J. AMEN, APPELLANT.

Filed May 5, 2026.    No. A-25-814.

Appeal from the District Court for Lancaster County: MATTHEW O. MELLOR, Judge. Affirmed.

Angelica W. McClure, of Kotik & McClure Law, for appellant.

Michael T. Hilgers, Attorney General, and P. Christian Adamski for appellee.

MOORE, PIRTLE, and FREEMAN, Judges.

PIRTLE, Judge.

## INTRODUCTION

Rock J. Amen appeals his plea-based conviction and sentence for first degree sexual assault in the district court for Lancaster County. Based on the reasons that follow, we affirm.

## BACKGROUND

The State charged Amen with first degree sexual assault of a child, a Class IB felony, and child abuse, a Class IIIA felony. Pursuant to a plea agreement, Amen pled no contest to first degree sexual assault, a Class II felony. At the plea hearing, the State gave the following factual basis:

> [O]n November 12th, 2024, the mother of a 13-year-old child with the initials P.P. reported a sexual assault to Lincoln Police Department. The reporting party had discovered a video on her cell phone depicting the defendant, Rock Amen, engaged in sexual

- 1 -

penetration with P.P. The video was dated and timestamped November 12th, 2024, at 12:40 a.m.

P.P. was born August of 2011. Mr. Amen's date of birth is October 25th, 1962. Mr. Amen is the ex-husband of P.P.'s mother.

The reporting party told police that she recognized the place of occurrence in the video as P.P.'s bedroom at her residence here in Lincoln.

Following the discovery of the video, the reporting party told police that she had a phone conversation with a third party who was with Mr. Amen at the time of the call. Amen spoke out loud during the call and stated he was guilty, he did it, and he was going to jail.

Investigators with the Lincoln Police Department reviewed portions of the video and confirmed the identities of the two parties depicted in the video as P.P. and Mr. Amen.

P.P. was forensically interviewed at BraveBe Child Advocacy Center on November 14, 2024. She told the interviewer there were eight incidents of sexual contact with her ex-stepdad, Mr. Amen. She said the incidents included Mr. Amen penetrating her vagina with his penis and that she also performed fellatio on Mr. Amen. She explained that the last time she had sex with Mr. Amen on November 12, 2024, she placed her mom's cell phone in the closet and video recorded the incident.

DNA was collected from both the victim and Mr. Amen and sent to Nebraska State Patrol Crime Lab. The crime lab identified the DNA from both Mr. Amen and the victim, swabs from Mr. Amen's penis, also on swabs from the victim's external genitals and right breast.

All those events occurred in Lancaster County, Nebraska.


The court found there was a sufficient factual basis to accept Amen's plea and found him guilty of first degree sexual assault. The court ordered a presentence investigation.

At the sentencing hearing, the court stated it had read and reviewed the presentence investigation report, which included several additions, including Amen's medical records. The court further stated it considered the comments made by counsel and Amen. It considered the relevant statutory factors, including Amen's age, mentality, education and experience, social and cultural background, past criminal record or record of law-abiding conduct, and motivation for the offense, as well as the nature of the offense. Having considered all of this information, and having regard for the nature and circumstances of the crime and Amen's history, character, and condition, the court found Amen was not a fit candidate for probation; that imprisonment was necessary for the protection of the public, because there is a substantial risk Amen would engage in additional criminal conduct during any period of probation; and a lesser sentence would depreciate the seriousness of the crime and promote disrespect for the law. The district court sentenced Amen to 45 to 47 years' imprisonment.

## ASSIGNMENTS OF ERROR

Amen assigns (1) his trial counsel was ineffective for not explaining his right to take a deposition of the victim as part of discovery and (2) the sentence imposed by the district court was excessive and an abuse of discretion.

STANDARD OF REVIEW

Whether a claim of ineffective assistance of trial counsel can be determined on direct appeal presents a question of law, which turns upon the sufficiency of the record to address the claim without an evidentiary hearing or whether the claim rests solely on the interpretation of a statute or constitutional requirement. *State v. Briggs*, 317 Neb. 296, 9 N.W.3d 632 (2024). In reviewing a claim of ineffective assistance of counsel on direct appeal, an appellate court determines as a matter of law whether the record conclusively shows that (1) a defense counsel's performance was deficient or (2) a defendant was or was not prejudiced by a defense counsel's alleged deficient performance. *Id.*

Absent an abuse of discretion by the trial court, an appellate court will not disturb a sentence imposed within the statutory limits. *State v. Jones*, 318 Neb. 840, 19 N.W.3d 499 (2025). An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *State v. Geller*, 318 Neb. 441, 16 N.W.3d 365 (2025).

ANALYSIS

*Ineffective Assistance of Counsel.*

Amen assigns as error that his trial counsel was ineffective for not explaining to him that the victim could be deposed. He claims his counsel led him to believe that the victim's deposition could not be taken because she was a minor. He claims that had he known the victim's deposition could be taken, he would have pursued a deposition and further discovery and proceeded to trial instead of entering into the plea agreement.

When a defendant's trial counsel is different from his or her counsel on direct appeal, as in the present case, the defendant must raise on direct appeal any issue of trial counsel's ineffective assistance which is known to the defendant or is apparent from the record. See *State v. Dap*, 315 Neb. 466, 997 N.W.2d 363 (2023). Otherwise, the issue will be procedurally barred in a subsequent postconviction proceeding. See *id.*

An appellant sufficiently raises an ineffective assistance of counsel claim on direct appeal when the claim alleges deficient performance with enough particularity for (1) an appellate court to make a determination of whether the claim can be decided upon the trial record and (2) a district court later reviewing a petition for postconviction relief to recognize whether the claim was brought before the appellate court. See *id.* When a claim of ineffective assistance of counsel is raised in a direct appeal, the appellant is not required to allege prejudice; however, an appellant must make specific allegations of the conduct that he or she claims constitutes deficient performance by trial counsel. See *id.*

Once raised, an appellate court will determine whether the record on appeal is sufficient to review the merits of the ineffective performance claims. See *id.* The record is sufficient if it establishes either that trial counsel's performance was not deficient, that the appellant will not be able to establish prejudice as a matter of law, or that trial counsel's actions could not be justified as a part of any plausible trial strategy. See *id.*

To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that counsel's

performance was deficient and that this deficient performance actually prejudiced his defense. See *State v. Dap, supra*. To show that counsel's performance was deficient, the defendant must show counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. See *id*. To show prejudice from counsel's deficient performance, the defendant must demonstrate a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. See *id*.

We conclude that the record is sufficient to show Amen was not prejudiced by counsel's alleged deficiency in failing to inform Amen that the victim could be deposed. Amen was charged with sexually assaulting his ex-wife's 13-year-old daughter. Based on the factual basis given by the State, the State possessed video evidence, taken by the victim, which showed Amen sexually penetrating the victim. The victim's mother recognized the place of occurrence in the video as the victim's bedroom. During the victim's forensic interview, she stated there were eight incidences of sexual contact, including sexual penetration and fellatio. The State also possessed evidence that the victim's DNA was found on Amen's penis, and that Amen's DNA was collected from the victim's genitals. Given the evidence against Amen, he cannot show a reasonable probability that but for counsel's alleged deficient performance, the result of the proceeding would have been different. In other words, he cannot show that had his counsel informed him that the victim could be deposed, he would have gone to trial rather than accepting the plea agreement. This assignment of error fails.

*Excessive Sentence.*

Amen assigns that the sentence imposed by the district court is excessive and an abuse of discretion. He argues that the court failed to adequately consider his age and his multiple health issues.

Amen was convicted of first degree sexual assault, a Class II felony, punishable by a minimum of 1 year imprisonment and a maximum of 50 years' imprisonment. See, Neb. Rev. Stat. § 28-319(1) (Reissue 2016); Neb. Rev. Stat. § 28-105 (Supp. 2025). The district court sentenced Amen to 45 to 47 years' imprisonment. His sentence is within the statutory limits and we therefore review the sentence for an abuse of discretion.

Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether a sentencing court abused its discretion in considering and applying the relevant factors, as well as any applicable legal principles in determining the sentence to be imposed. *State v. Sutton*, 319 Neb. 581, 24 N.W.3d 43 (2025). In determining a sentence to be imposed, relevant factors customarily considered and applied are the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime. *Id*. The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id.*

The sentence imposed by the district court is not an abuse of discretion. The court reviewed the presentence investigation report, which included Amen's medical records. The court also stated it considered the comments of counsel and we note that Amen's counsel specifically pointed out

Amen's age and his health issues. The court considered the statutory factors and the record shows no instance of the court considering any inappropriate or irrelevant factors. This assignment of error fails.

CONCLUSION

We conclude that Amen's counsel was not ineffective and that the district court did not abuse its discretion in imposing a sentence of 45 to 47 years' imprisonment.

AFFIRMED.